JOSEPH WILEY ET AL.

v.

LAURA A. ECCLES.

FORECLOSURE OF MORTGAGE—AMOUNT DUE.—On a proceeding to foreclose a mortgage, the master, in reporting the amount due, included the amount of another note held by the complainant against the mortgagors, but not included or described in the mortgage deed. There was no evidence of an

Wiley v. Eccles.

intention of the mortgagors to secure the last mentioned note by the mortgage. *Held*, that the court erred in decreeing a foreclosure for the amount of both notes.

ERROR to the Circuit Court of Randolph county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed August 1, 1879.

Mr. ALBERT N. SPRAGUE, for plaintiffs in error; that a bill in chancery must be properly entitled of the court, term, etc., cited Story's Eq. Pl. 19; Bow v. Britten, 2 Chicago Legal News, 33.

Foreclosure is a local action, and must be brought in the county where the land is situated: Rev. Stat. 1874, 198.

Assignment of a mortgage must be by deed: 2 Washburn on Real Property, 113; Welch v. Priest, 8 Allen, 165; Jackson v. Bowen, 7 Cow. 13; Warden v. Adams, 15 Mass. 233; Adams v. Parker, 12 Gray, 53.

The bill alleges the assignment of only one note, but the decree is for both, a variance which is fatal: 1 Greenleaf's Ev. 87; Best on Ev. 520; Connolly v. Cottle, 1 Breese, 364; Gillilan v. Gray, 13 Ill. 705; Higgins v. Lee, 16 Ill. 495; Hurd v. Culies, 18 Ill. 188; Spangler v. Pugh, 21 Ill. 85.

In proceedings for strict foreclosure, it should appear there are no other creditors or encumbrancers: Wilson v. Geisler, 19 Ill. 49; Johnson v. Donnell, 15 Ill. 97; Weiner v. Heintz, 17 Ill. 259; Stevens v. Bicknell, 27 Ill. 444; Horner v. Zimmerman, 45 Ill. 14; Farrell v. Parlier, 50 Ill. 274; Sheldon v. Patterson, 55 Ill. 507; Warner v. Helm, 1 Gilm. 220.

Evidence in chancery should be preserved in the decree: Cooley v. Scarlett, 38 Ill. 316: Waller v. Carey, 53 Ill. 88.

Mr. J. H. LINDSEY, for defendant in error; that want of proper venue should have been urged below; it is cured by the decree; cited P. & W. R'y Co. v. Webster, 55 Ill. 338; Webb v. Alton Fire Ins. Co. 5 Gilm. 223; Deniston v. Hoagland, 67 Ill. 265.

Parties in interest may sue in their own name: Frye v. Bank of Illinois, 5 Gilm. 332; Dixon v. Buell, 21 Ill. 203.

Parol testimony may be admitted to show intention to secure the other note by the mortgage: Babcock v. Lisk, 57 Ill. 327.

As to mortgages to secure future advances: 1 Hilliard on Mortgages, 309; Speer v. Skinner, 35 Ill. 282.

Amount paid as taxes may be included in decree: De Leuw v. Neely, 71 Ill. 473; Wright v. Langley, 36 Ill. 381.

By suffering default, the averments of the bill are admitted: Lucas v. Spencer, 27 Ill. 15; Harmon v. Campbell, 30 Ill. 25; Manchester v. McKee, 4 Gilm. 511; Smith v. Lusk, 3 Scam. 411.

Exceptions should be taken on trial: Prince v. Lamb, Breese, 378.

As to strict foreclosure: Johnson v. Donnell, 15 Ill. 97; Stephens v. Bichnell, 27 Ill. 444; 2 Hilliard on Mortgages, 31.

It will be presumed there was evidence on which to base the decree: Mauck v. Mauck, 54 Ill. 281; Darst v. Thomas, 87 Ill. 222.

CASEY, J. This was a proceeding in chancery for a strict foreclosure of mortgage, instituted by the defendant against the plaintiffs in error. There was service by summons, and the defendants not appearing, a default was entered against them. The cause was referred to the master for computation, and for the purpose of taking testimony as to the value of the real estate described in the mortgage. The master reported the amount due on both notes referred to in the bill to be one thousand and fourteen dollars; and also reported the testimony taken as to the value of the said real estate. The court below, upon the report of the master, entered a decree for the said sum of one thousand and fourteen dollars, and for a strict fore-closure. The case is brought to this court by a writ of error. It appears from the record, that on the 4th day of September, A. D. 1876, the plaintiff in error, John Wiley, made and deliv-ered to one Ternicia Jane Underberg, his promissory note for the sum of seven hundred dollars, due two years after the date thereof, with ten per cent. interest from date, and on the same day, together with his wife, Christina Wiley, executed and delivered to the said Ternicia Jane Underberg, a deed of

mortgage on the real estate therein described, to secure the said note. That the said mortgage was recorded in the proper office, on the 5th day of September, A. D. 1876. It further appears from the record, that afterwards, on the 27th day of October, A. D. 1876, the said plaintiff in error, John Wiley, made and delivered to the said Ternicia Jane Underberg another promissory note for the sum of one hundred and ten dollars, due one year after date, with ten per cent. interest from date. On the first described note appears the following assignment:

"February 24th, A. D. 1879. For value received, I assign the within note to Laura A. Eccles.

(Signed)            "Ternicia J. Underberg."

There is also an assignment on the mortgage of the same date. There is no assignment on the said note for one hundred and ten dollars. The third assignment of error is as follows: "The Circuit Court erred in decreeing a foreclosure for the amount of both notes, when the mortgage was executed only to secure the payment of one note therein specifically described." Undoubtedly this assignment of error is well made. Upon an inspection of the mortgage, we find that it was given to secure the said note for seven hundred dollars. There is no reference in the mortgage whatever to the said note for one hundred and ten dollars—or to any amount of money thereafter to be advanced or paid. The mortgage was recorded on the 5th of September, 1876, and the one hundred and ten dollar note was executed on the 27th of October thereafter. There is no evidence in the record whatever to show any intention by the parties to secure the said last described note by the mortgage. Various other errors are assigned, that we do not consider necessary to discuss at this time.

But for the error indicated, the decree of the court below must be reversed and the cause remanded.

Decree reversed.